IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MITCHELL JOSEPH HARB, JR., )
)
        Petitioner, )
)
v. ) 1:09CV766
)
ALVIN W. KELLER, JR., )
)
        Respondent. )

## MEMORANDUM OPINION AND ORDER

**Auld, Magistrate Judge.**

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket Entry 1.) Respondent has moved to dismiss the Petition as untimely. (Docket Entry 4.) Petitioner has responded in opposition. (Docket Entries 7-9.)[1] The parties have consented to disposition of this case by a United States Magistrate Judge under 28 U.S.C. § 636(c). (Docket Entry 13.) For the reasons that follow, the Court will grant Respondent's motion to dismiss, will deny the Petition, and will dismiss this action.

## Procedural History

On May 8, 2007, in the Superior Court of Davidson County, Petitioner was convicted at trial of felony possession of cocaine as a habitual felon in cases 06CRS5225 and -53156. He received a sentence of 120 to 153 months in prison. Petitioner pursued a direct appeal, which the North Carolina Court of Appeals denied on March 18, 2008. He did not continue further with direct review.

---

[1] Petitioner also requested appointed counsel, which the Court denied. (Docket Entries 10, 11.) He has moved for reconsideration. (Docket Entry 14.)

On September 15, 2008, Petitioner filed a motion for appropriate relief in the trial court. Following a summary denial, he petitioned for certiorari to the North Carolina Court of Appeals, which rejected that request on November 5, 2008. Petitioner sought further review by the North Carolina Supreme Court, which denied his certiorari petition on September 2, 2009. During the pendency of that petition, Petitioner filed a discovery motion in the trial court and appealed its denial to the North Carolina Court of Appeals, which refused relief on October 1, 2009.

Petitioner dated his instant Petition as signed on September 29, 2009, and the Clerk received it on October 1, 2009.

### **Discussion**

Respondent argues that the Petition was filed[2] beyond the one-year statute of limitation established by 28 U.S.C. § 2244(d)(1).

---

[2] "In [Houston v. Lack, 487 U.S. 266 (1988)], the Supreme Court held that a *pro se* prisoner's notice of appeal is filed on the date that it is submitted to prison officials for forwarding to the district court, rather than on the date that it is received by the clerk." Morales-Rivera v. United States, 184 F.3d 109, 110 (1st Cir. 1999). At least eight circuits "have applied th[is] prisoner mailbox rule to [establish the 'filing' date of] motions under 28 U.S.C. § 2254 or § 2255." Id. at 110-11 & n.3. In two published opinions issued since that consensus emerged, however, the United States Court of Appeals for the Fourth Circuit has declined to decide whether the prison mailbox rule applies in this context. See Allen v. Mitchell, 276 F.3d 183, 184 n.1 (4th Cir. 2001) ("Allen's petition was dated March 9, 2000, and it should arguably be treated as having been filed on that date. Cf. United States v. Torres, 211 F.3d 836, 837 n.3 (4th Cir. 2000) (declining to decide whether prison mailbox rule applies to filing of federal collateral review applications in district court). We take no position on that question here."); but see Smith v. Woodard, 57 Fed. Appx. 167, 167 n.* (4th Cir. 2003) (implying that Houston's rule governed filing date of § 2254 petition); Ostrander v. Angelone, 43 Fed. Appx. 684, 684-85 (4th Cir. 2002) (same). Because the two-day difference between the date Petitioner signed his Petition (i.e., the earliest date he could have given it to prison officials for mailing) and the date the Clerk received it would not affect disposition of the timeliness issue, the Court declines to consider this matter further.

In order to assess this argument, the Court first must determine when Petitioner's one-year period to file his § 2254 petition commenced. In this regard, the United States Court of Appeals for the Fourth Circuit has explained that:

> Under § 2244(d)(1)(A)-(D), the one-year limitation period <u>begins to run from</u> the latest of several potential starting dates:
>
> (A) <u>the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review</u>;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

<u>Green v. Johnson</u>, 515 F.3d 290, 303-04 (4th Cir. 2008) (emphasis added).

The record does not reveal any basis for concluding that subparagraphs (B), (C), or (D) of § 2244(d)(1) apply in this case. As a result, Petitioner's one-year limitation period commenced on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," 28 U.S.C. § 2244(d)(1)(A). The Court thus must ascertain when direct review (or the time for seeking direct review) of Petitioner's underlying conviction ended.

In this case, Petitioner pursued a direct appeal in the North Carolina Court of Appeals, which affirmed his conviction by opinion dated March 18, 2008. Under North Carolina law, "[t]he mandate shall issue twenty days after the opinion is filed, unless otherwise ordered." Saquilar v. Harkleroad, 348 F. Supp. 2d 595, 598 (M.D.N.C. 2004) (recommendation of Eliason, M.J., adopted by Osteen, Sr., J.) (citing N.C.R. App. P. 32(b)), appeal dismissed, 145 Fed. Appx. 444 (4th Cir. 2005). "[T]he parties then have 15 days to file a notice of appeal with the North Carolina Supreme Court where there is an appeal of right and/or a petition for discretionary review for issues where there is not an appeal of right." Id. (citing N.C.R. App. P. 14(a) and 15(b)).[3] "[I]f still unsuccessful [in the North Carolina Supreme Court], [an individual convicted of a North Carolina offense] has another 90 days to seek certiorari from the United States Supreme Court." Id. at 599.

A question therefore arises as to whether, given Petitioner's failure to pursue direct review beyond the North Carolina Court of Appeals, his "time for seeking [direct] review," 28 U.S.C. § 2244(d)(1)(A), expired: 1) 35 days after March 18, 2008 (when his deadline for continuing his direct appeal in the North Carolina Supreme Court passed); or 2) 90 days after March 18, 2008 (when the

---

[3] In other words, "under North Carolina law [an individual convicted of a North Carolina offense] normally [has] thirty-five days after the decision of the [North Carolina] [C]ourt of [A]ppeals [to continue pursuit of the direct appeal before the North Carolina Supreme Court]." Headen v. Beck, 367 F. Supp. 2d 929, 931 (M.D.N.C. 2005) (recommendation of Eliason, M.J., adopted by Tilley, C.J.).

-4-

time allotted for filing a certiorari petition with the United States Supreme Court, if allowable, would have elapsed).

In Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000), the Fourth Circuit considered issues related to the commencement of the one-year limitation period under § 2244(d)(1)(A). In that case, before instituting his federal habeas action, the petitioner had pursued his direct appeal to the highest level of the applicable state court system (i.e., the Maryland Court of Appeals),[4] had not filed a certiorari petition with the United States Supreme Court, and – much later – had sought state collateral review. See id. at 326-27. After the district court dismissed his petition as untimely, the petitioner "argue[d] that the one-year period [for federal habeas filing] does not commence until the conclusion of state post-conviction proceedings." Id. at 327. The Fourth Circuit rejected that argument and, in so doing, observed that, for purposes of § 2244(d)(1)(A), "the time for seeking direct review of [the petitioner's] state-court conviction was concluded [90 days after the Maryland Court of Appeals denied his request for review], when the period for filing a petition for a writ of certiorari in the United States Supreme Court expired." Id. at 328 & n.1.

Two years later, the Fourth Circuit examined a different question, i.e., what procedures must a district court follow in order to address statute of limitation issues sua sponte in habeas

---

[4] "[T]he Maryland Court of Appeals [is] the highest court in Maryland . . . ." Lords Landing Vill. Condo. Council of Unit Owners v. Continental Ins. Co., 520 U.S. 893, 895 (1997).

-5-

cases. See Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002). In resolving that question, the Fourth Circuit repeated the general proposition from Harris that, "[i]f no petition for a writ of certiorari is filed in the United States Supreme Court, then the limitation period begins running when the time for doing so – 90 days – has elapsed." Hill, 277 F.3d at 704 (citing Harris, 209 F.3d at 328 n.1). The underlying procedural facts in Hill, however, differed from those in Harris in that the petitioner in Hill did not pursue his direct appeal beyond the intermediate state appellate court to the highest state court. See id. at 703 ("On June 19, 1998, the Virginia Court of Appeals affirmed Hill's convictions. Hill apparently sought no further direct review of his case."). See also Va. Code Ann. § 17.1-411 (vesting Virginia Supreme Court with jurisdiction to accept direct appeals from all final judgments with but few exceptions among which appeals of felony convictions do not appear); Dodson v. Director of Dep't of Corr., 233 Va. 303, 307 n.5, 355 S.E.2d 573, 576 n.5 (1987) ("In Virginia, aside from appeals from a capital murder conviction, criminal appeals to both the Court of Appeals and to this Court are discretionary, and a decision to grant or refuse a petition for appeal is based upon one equally-applied criterion – the merits of the case." (internal brackets and quotation marks omitted)).

Accordingly, although the issue was not squarely presented or necessary to the decision in Hill, one reasonably might read Hill as implying in dicta that Harris requires the addition of 90 days to the end of the period in which a petitioner actually pursued

direct review, even where said petitioner failed to carry direct review through to the state court of last resort. A year later an unpublished decision from the Fourth Circuit stated explicitly what Hill had implied in this regard: "The one-year limitations period commenced on October 5, 1998, ninety days after the North Carolina Court of Appeals affirmed Smith's conviction on July 7, 1998." Smith v. Woodard, 57 Fed. Appx. 167, 167 n.* (4th Cir. 2003) (citing 28 U.S.C. § 2244(d)(1)(A) and Harris, 209 F.3d at 327).[5]

Members of this Court, however, have not adopted the view espoused in the foregoing dicta from Hill and Smith. For example, in Watson v. Beck, No. 1:02CV853, 2003 WL 22213643 (M.D.N.C. Sept. 15, 2003) (unpublished), United States Magistrate Judge P. Trevor Sharp directly confronted the question of whether the one-year period for filing federal habeas actions commenced 35 or 90 days after the North Carolina Court of Appeals affirmed the petitioner's conviction and ruled as follows:

---

[5] Of course, given its unpublished status, Smith does not constitute controlling precedent. See, e.g., Pressley v. Tupperware Long Term Disability Plan, 553 F.3d 334, 339 (4th Cir. 2009). Further, in Smith, the petitioner's federal habeas action was untimely whether the limitation period began to run 35 or 90 days after the North Carolina Court of Appeals affirmed his conviction; as a result, Smith's pronouncement that the one-year period for filing a federal habeas action commenced at the end of the 90 days otherwise available for seeking certiorari in the United States Supreme Court constitutes dicta because it was not necessary to the actual holding (i.e., that, based on the commencement date of the statute of limitation, "we cannot conclude that reasonable jurists would find it debatable whether the district court correctly concluded the petition was untimely," Smith, 57 Fed. Appx. at 167). See, e.g., Barbour v. International Union, 594 F.3d 315, 321 (4th Cir. 2010) (describing "classic judicial dictum [as] an opinion by a court that is not essential to the decision and therefore not binding" (internal citations, ellipses, and quotation marks omitted)). As noted above, Hill's reference to the commencement date of the one-year statute of limitation did not form an essential part of the holding in that case either and thus that aspect of the decision likewise lacks precedential force.

-7-

> Petitioner's case became final for purposes of direct review 35 days after the June 19, 2001 opinion of the [North Carolina] Court of Appeals, i.e., July 24, 2001. *See* N.C.R. of App. P., Rule 15(b) (2003) (petition for discretionary review (PDR) may be filed within 15 days after issuance of the mandate by the [North Carolina] Court of Appeals); N.C.R. of App. P., Rule 32(b) (2003) (mandate issues 20 days after written opinion unless court orders otherwise). Petitioner did not file a PDR to the Supreme Court of North Carolina. The United States Supreme Court has no jurisdiction to review, by way of certiorari, intermediate state appellate court rulings when, as here, the petitioner fails to seek available review in the highest court of the State. *See* 28 U.S.C. § 1257; *see also* Sup.Ct. R. 13.1 and 13.2 ("The Clerk will not file any petition for a writ of certiorari that is jurisdictionally out of time.") Accordingly, Petitioner cannot benefit from an additional 90 days of tolling for purposes of filing a certiorari petition to the United States Supreme Court. If Petitioner had filed a certiorari petition in the United States Supreme Court seeking review of the North Carolina Court of Appeals' opinion, the petition would have been "improperly filed" because the Supreme Court lacked jurisdiction under § 1257 and Rule 13.1. *Cf. Artuz v. Bennett*, 531 U.S. 4 (2000) ("properly filed" state post-conviction application must be filed in accordance with state rules concerning form of document, applicable time periods and proper court and office for filing).

Id. at *1 (internal parallel citation omitted).[6]

A short time later, United States Magistrate Judge Russell A. Eliason, in a Recommendation adopted by United States District Judge William L. Osteen, Sr., reached the same basic conclusion.

---

[6] Based on that commencement date and with tolling for time during which the petitioner pursued state collateral review, the Court found that the petition was "approximately two months out-of-time." Watson, 2003 WL 22213643, at *2. After finding no extraordinary circumstances warranting equitable tolling, the Court dismissed the petition as untimely. See id. The 55-day difference between the two possible finality-of-conviction dates (i.e., the first set at 35 days after affirmance by the North Carolina Court of Appeals and the second set at 90 days after said affirmance) thus may well have had a determinative effect on the disposition (made directly by Magistrate Judge Sharp, because the parties had consented to his jurisdiction under 28 U.S.C. § 636(c), see Watson v. Beck, No. 1:02CV853 (M.D.N.C. Apr. 14, 2003) (unpublished)).

See Saquilar, 348 F. Supp. 2d at 601 n.5 ("[B]ecause petitioner did not seek review in the North Carolina Supreme Court, he may not be entitled to a 90-day tolling period for filing a petition for certiorari with the United States Supreme Court. Supreme Court Rule 13.1 allows a petition for certiorari from a 'judgment in a criminal case of a state court of last resort.' Because petitioner elected not to seek review by the North Carolina Supreme Court, it would appear that he waived any right to certiorari review by the United States Supreme Court.").[7]

Three United States Courts of Appeals have published opinions with detailed examinations of when (within the meaning of § 2244(d)(1)(A)) the time for direct review ends in situations where the petitioner fails to properly maintain a direct appeal through the highest available state court; all three have reached conclusions in accord with Watson and Saquilar, i.e., that such a petitioner does not get to defer the commencement of the one-year limitation period by 90 days because a writ of certiorari to the United States Supreme Court would not have been available. See Butler v. Cain, 533 F.3d 314, 316-19 (5th Cir. 2008); Riddle v.

---

[7] Subsequent opinions from this Court addressing cases where a petitioner failed to pursue a direct appeal beyond the North Carolina Court of Appeals consistently have relied on Saquilar to set the date for the commencement of the one-year period under § 2254(d)(1)(A) at 35 days after said court's affirmance. See, e.g., Ward v. Cabarrus Cnty., No. 1:08CV616, 2009 WL 929601, at *1 (M.D.N.C. Apr. 3, 2009) (unpublished) (recommendation of Dietrich, M.J.), adopted, No. 1:08CV616 (M.D.N.C. Aug. 27, 2009) (unpublished) (Osteen, Jr., J.); Wilder v. Beck, No. 1:08CV525, 2008 WL 5109752, at *1 (M.D.N.C. Dec. 3, 2008) (unpublished) (recommendation of Eliason, M.J.), adopted, No. 1:08CV525 (M.D.N.C. Jan. 25, 2009) (unpublished) (Beaty, C.J.); Headen v. Beck, 367 F. Supp. 2d 929, 931-32 (M.D.N.C. 2005) (recommendation of Eliason, M.J., adopted by Tilley, C.J.).

<u>Kemna</u>, 523 F.3d 850, 852-56 (8th Cir. 2008); <u>Pugh v. Smith</u>, 465 F.3d 1295, 1297-1300 (11th Cir. 2006).[8] In addition to the dicta in <u>Hill</u>, the United States Court of Appeals for the Eighth Circuit identified (and discounted as unpersuasive) two other published, circuit-level decisions as possible contrary authority on point, <u>Balsewicz v. Kingston</u>, 425 F.3d 1029, 1032 (7th Cir. 2005), and <u>Nix v. Secretary for the Dep't of Corr.</u>, 393 F.3d 1235, 1236 (11th Cir. 2004). <u>See</u> <u>Riddle</u>, 523 F.3d at 855.

Neither <u>Nix</u> nor <u>Balsewicz</u> persuade the Court that Petitioner's time for direct review should include 90 days after the affirmance of his conviction by the North Carolina Court of Appeals. <u>Nix</u> did not involve analogous procedural facts. <u>See</u> <u>Pugh</u>, 465 F.3d at 1299-1300 (observing that 90-day addition attached in <u>Nix</u> because petitioner there had no avenue to appeal beyond intermediate state court of appeals to state supreme court and thus properly could have petitioned United States Supreme Court for certiorari). <u>Balsewicz</u>'s statement on this subject correctly has been adjudged unpersuasive dicta by a district court in that circuit, because (like <u>Hill</u> and <u>Smith</u>) it involved importation of a rule appropriate to a particular procedural context into a materially different one without analysis and under circumstances that had no bearing on the disposition of the case. <u>See</u> <u>Bilgrien v. Pugh</u>, No. 10-C-0163, 2010 WL 2181242 (E.D. Wis. May 25, 2010) (unpublished).

---

[8] A district judge in South Carolina also recently adopted the same view after thorough analysis, but without expressly addressing the contrary dicta in <u>Hill</u> and <u>Smith</u>. <u>See</u> <u>Reddock v. Ozmit</u>, Civil Action No. 3:09-204-RBH, 2010 WL 568870 (D.S.C. Feb. 11, 2010) (unpublished).

In sum, the undersigned Magistrate Judge finds the above-quoted reasoning from Watson (as reinforced by Saquilar, Butler, Riddle, and Pugh) unassailable, notwithstanding the contrary, previously-discussed dicta from Hill and Smith (as well as Balsewicz). Accordingly, for purposes of evaluating the timeliness of Petitioner's instant federal habeas action, the Court will deem the one-year statute of limitation imposed by § 2244(d) to have begun running on April 22, 2008, 35 days after the North Carolina Court of Appeals affirmed his underlying conviction.

Petitioner filed his motion for appropriate relief in the state trial court on September 15, 2008, 146 days into the one-year limitation period. That action tolled the operation of the statute of limitation for "the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999). Petitioner lost his motion for appropriate relief in the trial court and sought certiorari from the North Carolina Court of Appeals, which denied his petition on November 5, 2008.

Thereafter, Petitioner sought further review of his motion for appropriate relief via a certiorari petition to the North Carolina Supreme Court. Although petitions seeking review by the North Carolina Supreme Court constitute a step in the state's direct appeal process, the North Carolina Court of Appeals represents the final step in the state's collateral review process, except in

cases involving a death sentence or specified circumstances not present here.  See N.C. Gen. Stat. § 7A-28(a); N.C.R. App. P. 21(e); State v. Allen, 359 N.C. 425, 428-29, 615 S.E.2d 256, 259, withdrawn on other grounds, 360 N.C. 569, 635 S.E.2d 899 (2005).

Petitioner's request for the North Carolina Supreme Court to review the denial of his motion for appropriate relief thus failed to qualify as a "properly filed" attempt at collateral review in state court which could toll § 2244(d)'s one-year statute of limitation.  See Smith, 57 Fed. Appx. at 167 n.* (holding that "pursuit of collateral review in the North Carolina Supreme Court was improperly filed, and did not toll [Petitioner's § 2254] filing period") (citing Artuz, 531 U.S. at 8)); accord Mitchell v. McDade, 11 Fed. Appx. 351, 352 n.* (4th Cir. 2001); Wilkerson v. Beck, No. 1:07CV802, 2008 WL 2513758 (M.D.N.C. June 20, 2008) (unpublished) (recommendation of Sharp, M.J., adopted by Osteen, Jr., J.), appeal dismissed, 293 Fed. Appx. 208 (4th Cir. 2008), cert. denied, 129 S. Ct. 938 (2009); Williamson v. Jackson, No. 2:07CV9-1-MU, 2007 WL 2669709 (W.D.N.C. Sept. 6, 2007) (unpublished), appeal dismissed, 266 Fed. Appx. 304 (4th Cir. 2008).[9]

---

[9] Petitioner's filing of a discovery motion and his appeal of its denial also did not toll the statute of limitation for his § 2254 filing.  See, e.g., Brown v. Secretary for the Dep't of Corr., 530 F.3d 1335, 1338 (11th Cir. 2008) ("While a properly filed [state] motion seeking to set aside a conviction would undoubtedly toll [the federal habeas] limitations period during its pendency, it is equally well-settled that a discovery motion does not."); Hodge v. Greiner, 269 F.3d 104, 107 (2d Cir. 2001) (ruling that state post-conviction motion seeking materials to develop collateral claim did not toll federal habeas filing period); Redfear v. Smith, No. 5:07CV73-03-MU, 2007 WL 3046345, at *2 n.2 (W.D.N.C. Oct. 17, 2007) (unpublished) (holding that request under "Freedom of Information Act and Privacy Act" failed to toll filing deadline under § 2244(d)),
(continued...)

Under these circumstances, Petitioner's time to institute a federal habeas action resumed running when the North Carolina Court of Appeals denied his certiorari petition on November 5, 2008.[10] At that point, 219 (i.e., 365 minus 146) days remained within the applicable one-year limitation period. That surviving time passed on June 12, 2009. Petitioner filed his instant Petition no sooner than September 29, 2009. That filing therefore was untimely.[11]

As a final matter, the United States Supreme Court has determined that equitable tolling principles apply to § 2244(d)'s one-year limitation period. Holland v. Florida, 130 S.Ct. 2549, 2562 (2010). To trigger such consideration, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Petitioner has made no such argument and no such

---

[9](...continued)
appeal dismissed, 267 Fed. Appx. 266 (4th Cir. 2008); Hansen v. Johnson, No. 2:05CV35, 2005 WL 2218034, at *4 (E.D. Va. Aug. 8, 2005) (unpublished) ("While it is true that the running of the federal statute of limitations is tolled during the pendency of an 'application for State post-conviction or other collateral review,' petitioner's motion did not toll the statute of limitations because it was not a motion which attempted to vacate his conviction. Instead, the motion sought information which petitioner claimed would have been helpful in developing a challenge to his conviction." (internal citations omitted)).

[10] Tolling for state collateral review does not include time for pursuing certiorari with the United States Supreme Court. See Atkinson v. Angelone, 20 Fed. Appx. 125, 127-28 (4th Cir. 2001); Crawley v. Catoe, 257 F.3d 395, 397-401 (4th Cir. 2001); Torres v. Lee, No. 1:05CV661, 2006 WL 1932328 (M.D.N.C. July 11, 2006) (unpublished) (recommendation of Dixon, M.J., adopted by Beaty, J.), appeal dismissed, 207 Fed. Appx. 269 (4th Cir. 2006); Saquilar, 348 F. Supp. 2d at 597.

[11] Indeed, Petitioner instituted this action so belatedly that, even if (contrary to the determination above, see supra, pp. 4-11) his one-year limitation period commenced 90, not 35, days after the North Carolina Court of Appeals rejected his direct appeal, his Petition still would fail as out-of-time.

conditions appear in the record. Accordingly, the statute of limitation imposed by § 2244(d) forecloses Petitioner's instant action.[12]

**IT IS THEREFORE ORDERED** that Respondent's Motion to Dismiss on Statute of Limitation Grounds (Docket Entry 4) is **GRANTED**, that the Petition under § 2254 (Docket Entry 1) is **DENIED**, that Petitioner's motion for reconsideration of his request for appointed counsel (Docket Entry 14) is **DENIED AS MOOT**, and that this action be, and the same hereby is, **DISMISSED**.

                                        /s/ L. Patrick Auld
                                        **L. Patrick Auld**
                                        **United States Magistrate Judge**
September 28, 2010

---

[12] This determination makes Petitioner's motion for reconsideration of the denial of his request for appointment of counsel moot. The Court further notes that the matters referenced in said motion bear no apparent connection to the claims set forth in the Petition.